IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00388–EWN–MJW

MARK HOWARD,

    Plaintiff,

v.

COUNTY OF LAS ANIMAS in the STATE OF COLORADO,
LAS ANIMAS COUNTY SHERIFF JAMES CASIAS,
ANTHONY BACCACCIO, and
HENRY GUZZO,

    Defendants.

---

**ORDER ON RULE 60 MOTION**

---

    This matter is before the court on Plaintiff's motion (#199) for relief from the judgment against Plaintiff (#118) entered upon this courts's ruling of May 20, 2005 (#117). Plaintiff invokes rules 60(a), 60(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure. Rule 60(a) provides as follows:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Rule 60(b) provides as follows:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff's attacks are incoherent and, therefore, difficult to address. With respect to the rule 60(a) aspect of the motion, he says that the ruling of May 20, 2005 "contains so many clerical mistakes so numerous, it is too exhausting to list them all individually in this filing." With respect to rule 60(b)(2) (newly discovered evidence), he similarly alludes to "so many forms of newly discovered evidence" without further specificity or effort to show why such evidence could not, with due diligence, have been discovered before the ruling of May 20. He uses the word "fraud" in connection with rule 60(b)(3), but the actions recited simply do not amount to fraud. All in all, such conclusory, vague, and incoherent allegations simply do not make a case that any modification in the judgment is warranted. It is therefore

**ORDERED** that the motion (#199) be DENIED.

Dated this 22nd day of September, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge